### BALDWIN et al. v. GUSS et al.

(District Court, E. D. Pennsylvania. October 3, 1921.)

No. 8106.

**Pleading ⟨⇒⟩350(3)—Statement of claim held insufficient to warrant judgment for want of sufficient affidavit of defense.**

The court will not enter judgment on the pleadings on mere inferences or conclusions of law to be drawn from such inferences, and in an action for goods sold and delivered to defendants and defendants' nominees, in the absence of specific averments of delivery to a carrier, or that delivery was made to third parties at defendants' instance and request, the statement of claim is not sufficient to support a judgment for want of sufficient affidavit of defense.

At Law. Action by William H. Baldwin and others against Charles L. Guss and others. On rule for judgment for want of sufficient affidavit of defense. Rule discharged.

Reber & Granger, of Philadelphia, Pa., for plaintiffs.
Clinton O. Mayer, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiffs set up insufficiency of the affidavit of defense, in that it does not sufficiently deny delivery to the defendants and defendants' nominees. The statement avers sale and delivery to the defendants at their special instance and request, at the times, for the prices, and in the amounts set forth in the attached copy of the plaintiffs' book of original entries. The defendants deny delivery to them, either at their place of business or at the places to which deliveries were to have been made.

The affidavit of defense is vague and evasive, but the statement of claim also is not sufficiently specific in setting out the facts upon which the plaintiffs rely for judgment, and the court will not enter judgment upon mere inferences or conclusions of law to be drawn from such inferences. The Practice Act of May 14, 1915 (P. L. 483), provides in section 5 [1] that the pleadings shall contain the material facts upon which the party relies for his claim or defense. A copy of the book of original entries is sufficient to establish, if not denied, the times, prices, and amounts as set out therein. But it is not sufficient to establish delivery to third parties, as is attempted to be done in this case by inference without the aid of specific averments. There is no averment in the statement of claim, nor in the affidavit of defense, that the goods which are the subject of book entries were delivered to a common carrier, and the facts set out in the statement are not sufficient to raise a presumption to that effect.

In the case of Braunn & Fitts v. Keally, 146 Pa. 519, 23 Atl. 389, 28 Am. St. Rep. 811, relied upon by the plaintiffs, the affidavit of defense contained averment sufficient to raise a presumption of delivery to a carrier, in that it set out that the goods were to be billed by the plaintiffs to the defendants at factory prices, defendants paying freight at Pittsburgh, the point of delivery, and that the goods were sent by the plaintiff into the state of Pennsylvania. In the absence of specific averments of delivery to a carrier, or that delivery was made to third parties at the defendants' instance and request, the statement of claim is not sufficient to support a judgment for want of sufficient affidavit of defense.

The rule for judgment is discharged.